**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMIAN L. DUDLEY,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>PHILIP MACLAREN, named as Chaplain Maclaren,<br><br>        Defendant-Appellee. | No. 20-17495<br><br>D.C. No. 2:19-cv-01237-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted January 19, 2022[**]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Arizona state prisoner Damian L. Dudley appeals pro se from the district

court's summary judgment in his action under 42 U.S.C. § 1983 and the Religious

Land Use and Institutionalized Persons Act ("RLUIPA") arising from his inability

to observe Ramadan.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment because Dudley failed to raise a genuine dispute of material fact as to whether defendant MacLaren substantially burdened the exercise of Dudley's religious beliefs. *See Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (setting forth elements of a § 1983 free exercise claim); *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (setting forth elements of a RLUIPA claim); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (under RLUIPA, to constitute a substantial burden on religious exercise, a regulation "must impose a significantly great restriction or onus upon such exercise").

The district court did not abuse its discretion by denying Dudley's discovery motion and request for discovery-related sanctions because Dudley failed to demonstrate that MacLaren's belated filing of supplemental discovery resulted in actual and substantial prejudice to him. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**